UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL PAK,

        Plaintiff,

    v.

EOCELL, INC., et al.,

        Defendants.

Case No. 20-cv-05791-VC

**ORDER RE HEARING ON PENDING MOTIONS**

    EoCell Inc. contends that this dispute is one "arising out of or in connection with" the Shareholders Agreement, such that the parties are subject to the arbitration provision contained in that agreement. The delegation provision incorporated by reference gives the Hong Kong International Arbitration Center—and not this Court—the authority to decide whether the arbitration provision applies to the present dispute. *See Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529-531 (2019); *Oracle America, Inc. v. Myriad Group A.G.*, 724 F.3d 1069, 1073-75 (9th Cir. 2013).

    The only remaining question is the threshold one of whether the Shareholders Agreement is enforceable against Pak. *See E&E Co. v. Light in the Box Limited*, 2015 WL 5915432, at *4 (N.D. Cal. Oct. 9, 2015). Pak's allegation in his original complaint that he and Sputnik are alter-egos of each other is competent evidence that the agreement is enforceable against him. *See Huey v. Honeywell, Inc.*, 82 F.3d 327, 333 (9th Cir. 1996). And there appears to be no evidence pointing in the other direction.

    For these reasons, it seems quite clear that the motion to compel arbitration should be granted. Nor does this seem like a case in which the Court should exercise its discretion to remand the matter to state court, for two reasons: (i) it would merely delay the inevitable; and (ii)

this is an international business dispute rather than a local matter on which federal courts may normally wish to defer to the state courts.

At the hearing, counsel for Pak should be prepared to point out any flaws in this tentative ruling.

**IT IS SO ORDERED.**

Dated: October 19, 2020

_____
VINCE CHHABRIA
United States District Judge