UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PAK,<br><br>        Plaintiff,<br><br>    v.<br><br>EOCELL, INC., et al.,<br><br>        Defendants. | Case No. 20-cv-05791-VC<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION; DENYING MOTION TO STRIKE; DENYING MOTION TO REMAND.**<br><br>Re: Dkt. Nos. 12, 21, 25 |

      This is a case about business disputes related to EoCell Ltd., a Hong Kong corporation formed by Pak and EoCell, Inc. (the only defendant to have been served and EoCell Ltd.'s wholly owned subsidiary). After Pak was fired from his position as CEO of EoCell Ltd., Pak and his corporation Sputnik filed suit in California state court bringing claims on behalf of Pak and Sputnik individually and derivatively on behalf of EoCell Ltd.'s shareholders. EoCell Inc. removed the case to federal court and filed a motion to stay proceedings and compel arbitration under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §§ 201-209, based on the arbitration provision contained in EoCell Ltd.'s Shareholders Agreement. Pak then filed an amended complaint, substantially changing the nature of his claims, and a motion to remand the case back to state court. EoCell Inc. filed a motion to strike the amended complaint, arguing that it was submitted in bad faith.

      1. EoCell Inc.'s motion to compel arbitration is granted. Although Pak contends that the arbitration provision contained in the Shareholders Agreement does not apply to the present dispute, Pak correctly recognizes that this question of arbitrability can be delegated to the Hong Kong International Arbitration Centre (HKIAC) so long as the Shareholders Agreement does so by "clear and unmistakable evidence." *See Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139

S. Ct. 524, 530 (2019) (quotations omitted). Pak also correctly recognizes that an agreement which incorporates arbitration rules by reference—as the Shareholders Agreement does here with the HKIAC's Administered Arbitration Rules—can constitute clear and convincing evidence of a delegation if the incorporated rules themselves contain the delegation. *See Oracle America, Inc. v. Myriad Group A.G.*, 724 F.3d 1069, 1073-75 (9th Cir. 2013). The key question is thus whether the HKIAC Rules contain clear and unmistakable evidence that the parties delegated the arbitrability question to the HKIAC.

They do. At oral argument Pak's counsel focused his attention on Article 19.1 of the HKIAC Rules, which provides that the "arbitral tribunal *may* rule on its own jurisdiction under these Rules, including any objections with respect to the existence, validity or scope of the arbitration provision." HKIAC Rules Art. 19.1 (emphasis added). Counsel emphasized the permissive nature of this provision to argue that it did not reflect "clear and unmistakable" evidence that the parties intended to delegate questions of arbitrability to the HKIAC. But Article 19.4 of the HKIAC Rules states that "if a question arises as to . . . the existence, validity or scope of the arbitration agreement; or . . . the competence of HKIAC to administer an arbitration . . . the arbitration *shall* proceed and any such question *shall* be decided by the arbitral tribunal once constituted." HKIAC Rules Art. 19.4 (emphasis added). Just after that, the HKIAC Rules further state that "[a]ny question as to the jurisdiction of the arbitral tribunal *shall* be decided by the arbitral tribunal once constituted, pursuant to Article 19.1." HKIAC Rules Art. 19.5 (emphasis added). This is clear evidence of an intent to delegate questions of arbitrability to the HKIAC. *See Flextronics International USA, Inc. v. Murata Manufacturing Co.*, 2020 WL 5106851, at *16 (N.D. Cal. Aug. 31, 2020); *see also Portland General Electric Co. v. Liberty Mutual Insurance Co.*, 862 F.3d 981, 985 (9th Cir. 2017); *Oracle*, 724 F.3d at 1073.

Moreover, the Shareholders Agreement is enforceable against Pak despite the fact that Pak did not sign the agreement because Sputnik signed the agreement as Pak's alter-ego. *See Rowe v. Exline*, 153 Cal. App. 4th 1276, 1284-85 (2007). The fact that Pak removed the allegations relating to his and Sputnik's alter-ego status before filing his first amended complaint

does not negate the earlier allegations made in the original complaint. See *Huey v. Honeywell, Inc.*, 82 F.3d 327, 333 (9th Cir. 1996).

2. Pak's motion to remand and motion for attorney's fees is denied. This is not a case in which the Court should exercise its discretion to remand to state court, for two reasons: (i) it would merely delay the inevitable; and (ii) this is an international business dispute rather than a local matter on which federal courts may normally wish to defer to state courts. *Cf. Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 351-53 (1988).

3. EoCell Inc.'s motion to strike Pak's first amended complaint is denied. Pak amended his complaint as a matter of right within the time frame in which the federal rules allowed him to do so. *See* Fed. R. Civ. P. 15(1). Moreover, plaintiffs routinely amend their complaints after defendants remove to state court to dismiss federal claims and attempt to get their cases remanded back. *See, e.g.*, *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976-77 (9th Cir. 2006).

Because the motion to compel is granted, the action is dismissed without prejudice. *See Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1073-74 (9th Cir. 2014).

**IT IS SO ORDERED.**

Dated: October 28, 2020

_____
VINCE CHHABRIA
United States District Judge